# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH EVANS | * | DOCKET NO.: |
|    Plaintiffs | * | |
| | * | JUDGE |
| *Versus* | * | |
| | * | MAGISTRATE |
| | * | |
| | * | |
| ERIE INSURANCE COMPANY | * | |
| Defendant | * | **JURY DEMANDED** |
| | * | |

## COMPLAINT

NOW COMES, Plaintiff Deborah Evans, appearing herein through her undersigned counsel, who brings this cause of action against the Defendant Erie Insurance Company, and respectfully represents:

### I.   PARTIES AND JURISDICTION

1. Plaintiff Deborah Evans is a citizens and resident of the full age of majority and domiciled in Gadsden, Crockett County, Tennessee.

2. Defendant Erie Insurance Company is a foreign insurance company formed under the laws of the State of Pennsylvania, with its home office and principal place of business located in Erie, Erie County, Pennsylvania, which can be served through the Tennessee Commissioner of Commerce and Insurance.

3. This action arises from a breach of an insurance contract by D Defendant Erie Insurance Company, concerning a home owned by Plaintiff Deborah Evans in Gadsden, Crokett County, Tennessee.

4. Plaintiff Deborah Evans, respectfully show that this action is wholly between citizens of different states, and the amount in controversy exceeds, $75,000.00.

5. Based on the facts asserted herein, jurisdiction and venue are proper in this Honorable Court, pursuant to 28 USC 1332.

## II. THE PROPERTY AND INSURANCE

6. Plaintiff Deborah Evans is the owners of a home located at 112 Poplar Street, Gadsden, Crockett County, Tennessee.

7. At all times herein, the home owned by Plaintiff Deborah Evans was insured by a certain policy of Homeowners Insurance issued Defendant Erie Insurance Company which policy bore number Q50 7108648 VT

8. Plaintiff Deborah Evan has renewed the Policy each and every year and has paid all premiums due there under and otherwise met all conditions of coverage thereunder and which policy was in force on September 24, 2024.

9. The policy covered the dwelling located at 112 Poplar Street, Gadsden, Crockett County, Tennessee, from "direct physical loss" to the property located at 112 Poplar Street, Gadsden, Crockett County, Tennessee, unless coverage is otherwise excluded. Direct physical loss caused by hail and wind is covered and not excluded under the policy.

10. For the property located at 112 Poplar Street, Gadsden, Crockett County, Tennessee, the policy provided coverage of $100,000 for direct physical loss to the dwelling, $20,000 for

direct physical loss to other structures, $75,000 for direct physical loss to personal property and loss of use amongst other coverages.

### III.   FACTS OF LOSS

11. Plaintiff Deborah Evans sustained damage to her home, other structures and personal property located at 112 Poplar Street, Gadsden, Crockett County, Tennessee as the result of a wind and hailstorm.

12. The damage that occurred to among other places, the roof, fascia, gutters, windows, electrical equipment, HVAC system, siding, scaffolding, and masonry, which damage was, on information and belief, caused by a storm that produced high winds and hail.

13. Following the storm, Plaintiff Deborah Evans, reported the damage to her insurer, Defendant Erie Insurance Company who has since that time denied the claim.

14. On or about August 31, 2025, Griffen Loss Consultants performed an independent inspection of the property located at 112 Poplar Street, Gadsden, Crockett County, Tennessee, and found damage arising from the hailstorm set forth above to total $148,336.19

15. Since that time, Defendant Erie Insurance Company, has failed to acknowledge or explain how the analysis conducted was of sufficient scope to eliminate wind / hail as the cause of the damage to the Plaintiffs' home within a reasonable professional probability. Defendant also failed to show that all of the damage was related to an exclusion in the Policy that allowed it to deny coverage.

16. Plaintiff Deborah Evans further shows that despite the fact the policy issued by Defendant Erie Insurance Company provides for a one-year statute of limitations, Defendant Erie

Insurance Company did not notify Plaintiff Deborah Evans of the approaching contractual statute of limitations in violation of

## IV.    CAUSES OF ACTION

### BREACH OF CONTRACT

17. Plaintiff Deborah Evans respectfully shows that the damage caused to her home located at 112 Poplar Street, Gadsden, Crockett County, Tennessee, was accidental direct physical loss or damage which was covered under the policy of insurance issued by Plaintiff Deborah Evans.

18. Defendant Erie Insurance Company breached the terms of its policy by denying coverage and failing and refusing to pay all benefits due thereunder for the claim of wind/hail by failing to eliminate wind / hail as a cause of the damage and by failing to prove that an exclusion exists that allows coverage to be denied.

19. Defendant Erie Insurance Company failed to properly investigate the Property as required under the Policy and by state statute.

20. Defendant Erie Insurance Company failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

21. Defendant Erie Insurance Company failed to investigate the Plaintiffs' claim in a prompt and thorough manner.

22. Defendant Erie Insurance Company represented to its insured that exclusionary language contained in the Policy excluded coverage of the claim, when the Defendant knew or should have known that it did not exclude coverage for the type of loss incurred. Such acts or omissions were committed, intentionally, recklessly, and/or negligently.

23. Defendant Erie Insurance Company owes Plaintiffs prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, an amount equal to such limits for the total constructive loss as well as a return of all premiums paid for the Policy

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

24. Defendant Erie Insurance Company has breached the covenant of good faith and fair dealing that is a part of the Policy that it made with Plaintiff Deborah Evans.

25. Defendant Erie Insurance Company has evaded the spirit of the bargain with 6. Plaintiff Deborah Evans, has shown a lack of diligence with regards to the investigation of the claim, and has willfully failed to perform under the Policy.

26. Defendant Erie Insurance Company continuously collected premiums from Plaintiff Deborah Evans for almost eleven years and agreed that it would provide coverage but then upon receipt of a claim, Defendant Erie Insurance Company denied coverage without conducting testing and determining the cause of the damage.

## NOTICE OF UNFAIR CLAIMS PRACTICES

27. Defendant Erie Insurance Company committed unfair claims practices in violation of Tenn. Code Ann. §§ 56-8-101 through 56-8-111, including, but not limited to:

    a. Failing to make a good faith attempt to effect prompt, fair, and equitable payment of Plaintiffs' claim, in violation of Tenn. Code Ann. § 56-8-105 when it delayed providing a coverage determination for months;

    b. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation; and,

  c. Knowingly misrepresenting relevant policy provisions relating to coverage at issue and policy terms in violation of Tenn. Code Ann. § 56-8-105 by failing to disclose the listed exclusions were applicable only as causes of loss and admit that they were required to participate in the appraisal process.

28. Defendant Erie Insurance Company's acts and/or omissions regarding this claim were made willfully or knowingly and supports Plaintiffs' claim for breach of contract and punitive damages pursuant to Tenn. Code Ann. Sec. 29-39-104.

## V.  DAMAGES

29. As a direct and proximate result of the actions of Defendant Erie Insurance Company, Plaintiff Deborah Evans is entitled to the following non-exclusive damages:

  a. Damage to their dwelling and surrounding structures totaling $148,336.19.

  b. Any and all other coverage afforded by the policy set forth above.

  c. Punitive damages pursuant to Tenn. Code Ann. Sec. 29-39-104 for Defendant Erie Insurance Company intentional and reckless denial of her claim, and willful and wanton violation of its duty of good faith and fair dealing.

  d. Any and all other damages to be shown at the trial of this matter.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Deborah Evans, pray that this Complaint be filed, that a Summons be issued and Defendant Erie Insurance Company, be ordered to appear and answer same, and that after all legal delays and due proceedings had, there be a judgment rendered herein in favor of Plaintiff Deborah Evans, and against Defendant Erie Insurance Company, for compensatory damages totaling $148.336.19, together with judicial interest, court costs and any

other damages to which Plaintiff Deborah Evans, may be entitled, including but not limited attorney and expert fees..

**WHEREFORE,** Plaintiff Deborah Evans, further prays for judgment herein in favor of Plaintiff Deborah Evans, and against Defendant Erie Insurance Company, for punitive damages totaling twice the compensatory damages set forth above pursuant to the mandates and procedure of Tenn. Code Ann. Sec. 29-39-104.

**PLAINITFF FURTHER PRAYS FOR A JURY TO TRY THESE ISSUES WHEN JOINED.**

Respectfully Submitted:

**ALEXANDER SHUNNARAH INJURY LAWYERS**

*s./Matthew W. Pryor*
Matthew W. Pryor (La. Bar Roll #23,903)
Licensed in Louisiana, Tennessee
Application Pending – Permission
to Practice Pursuant to Tenn. Sup. Ct.
R. 7 Sec. 10.07
2000 Meridian Boulevard Suite 225
Franklin, Tennessee 37067
Telephone (615)514-6710
Email: mpryor@asilpc.com

Affiliated Attorney

*s./James T. Sullivan*
James T. Sullivan (BPR No. 036332)
2000 Meridian Boulevard Ste. 225
Franklin, Tennessee 37067
Telephone: (615)514-6712
Email: jsullivan@asilpc.com

*Attorneys for plaintiff.*